UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRADLEY BARNETT, on behalf of himself and all other similarly situated individuals, | Civil Action No. 2:16-cv-00531-CB |
| Plaintiff, | **ELECTRONICALLY FILED** |
| v. | **AMENDED COMPLAINT** |
| EQT PRODUCTION COMPANY, | **COLLECTIVE ACTION** |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

1. This is a collective action brought by Plaintiff Bradley Barnett ("Plaintiff"), on behalf of himself and all others similarly situated, to recover overtime compensation from his former employer EQT Production Company ("Defendant").

2. Defendant employs completions consultants (alternatively called completions specialists), or those in similar positions, and classifies them as "exempt" employees, paying them on a day rate basis. The completions consultants routinely work more than forty (40) hours in a workweek but are not paid an overtime premium for any of their overtime hours.

3. Plaintiff brings this action as an opt-in collective action on behalf of himself and all similarly situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

4. Plaintiff's FLSA claim is asserted as a collective action under FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

6. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, Plaintiff worked in this district for Defendant, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

7. Plaintiff Bradley Barnett is an adult resident of Paradise, Texas. Plaintiff worked for Defendant as a completions consultant from approximately October 2013 to September 2014.

8. Plaintiff was dispatched to various land-based rigs within the United States during his employment. He performed work for Defendant in Pennsylvania, for instance, at various oil rigs in Washington County and Greene County.

9. Plaintiff brings this action on behalf of himself and all other similarly situated individuals nationwide ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective are current and former employees of Defendant within the meaning of the FLSA, employed as completions consultants, or other job titles performing similar duties, across the country within three years of the date this Complaint was filed. See 29 U.S.C. § 255(a). Plaintiff and the members of the FLSA Collective who have joined the case have submitted Consent Forms, which are filed on the Court's docket.

**Defendant**

10. Defendant EQT Production Company is a domestic corporation and is headquartered in Pittsburgh, Pennsylvania.

11. Defendant operates as a subsidiary of EQT Corporation.

12. Defendant produces, drills, explores, sells, and develops oil and natural gas. The company owns 3.4 million acres in production in Kentucky, West Virginia, Virginia, and Pennsylvania, and owns 13,000 miles of pipeline.

13. Defendant was formerly known as Equitable Production Company.

14. Upon information and belief, Defendant's gross annual sales made or business done has been in excess of $500,000 at all relevant times.

15. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. Defendant operates in interstate commerce by, among other things, producing oil and natural gas in Kentucky, West Virginia, Virginia, and Pennsylvania.

17. Defendant maintained a practice of employing completions consultants and job titles with similar job duties (such as completions specialists) as "1099 employees," "consultants," and "independent contractors." Defendant also employed some completions consultants as W-2 employees. Regardless, they all worked under Defendant's direction and control.

## FACTUAL ALLEGATIONS

18. Plaintiff and the FLSA Collective are individuals who were, or are employed by Defendant as completions consultants, or other job titles performing similar duties.

19. Plaintiff and the FLSA Collective were or are paid a day rate with no overtime pay for hours worked over forty (40) in a workweek.

20. Defendant suffered and permitted Plaintiff and the FLSA Collective to work more than forty (40) hours a week without overtime pay.

21. Defendant classified Plaintiff and the FLSA Collective as exempt from overtime compensation.

22. Defendant was aware, or should have been aware, that Plaintiff and the FLSA Collective performed non-exempt work that required payment of overtime compensation.

23. Defendant was also aware of Plaintiff's and the FLSA Collective's long work hours. Plaintiff, for example, worked under a "two-weeks-on/two-weeks-off" schedule, working at least a twelve-hour shift per day worked. Accordingly, for the weeks Plaintiff and the FLSA Collective worked, they typically worked at least eighty-four (84) hours per week.

24. Defendant unlawfully classified Plaintiff and the FLSA Collective as independent contractors to avoid its obligations to pay overtime and to reap the benefits of such illegal classification such as reduced tax liability, avoiding workers' compensation and other benefits, and passing its operating costs on to its workforce.

25. Plaintiff and the FLSA Collective worked for Defendant on a full-time and continuing basis.

26. Plaintiff and the FLSA Collective were subject to Defendant's direction and control regarding the manner in which they performed their work. For example:

    A. Defendant had, and exercised the ability to, hire and fire Plaintiff and the FLSA Collective;

    B. Defendant supervised and controlled Plaintiff's and the FLSA Collective's work by directing them on which work to perform, how to perform it, and when to perform it;

    C. Defendant, in addition to Plaintiff and the FLSA Collective, also hired its own W-2 completions employees to do completions work the same or very similar to the work done by Plaintiff and the FLSA Collective;

D. Defendant disciplined and praised Plaintiff and the FLSA Collective;

E. Defendant did not allow in most instances for Plaintiff's and the FLSA Collective to change their work schedules once set;

F. Plaintiff and the FLSA Collective had to follow the direction of Defendant's management team, which included regular interaction from and directives from Defendant's engineers and supervisors;

G. Plaintiff and the FLSA Collective had to report in to Defendant by sending an email with status updates every three (3) hours to at least five (5) managing employees of Defendant, including the Vice President of Operations;

H. Defendant would routinely comment on and provide feedback either praising and/or critiquing Plaintiff's and the FLSA Collective's work for that three (3) hour period;

I. Defendant provided Plaintiff and the FLSA Collective, equipment necessary to do their work such as hard hats with Defendant's name and logo on them, as well as ear plugs, and safety glasses;

J. Defendant provided Plaintiff and the FLSA Collective with their own company email addresses and laptops to use in performing their work for Defendant;

K. Defendant required Plaintiff and the FLSA Collective to submit daily reports at the start of each shift consisting of specific details outlining the work completed each day through a WellView report;

L. Defendant required Plaintiff and the FLSA Collective to attend a conference call every Wednesday with approximately, upon information and belief, fifty to one hundred people on the call. Each person working on each rig would sound off one by one on what they did the prior week;

M. Defendant required Plaintiff and the FLSA Collective to work at its company through one of three to five staffing companies of Defendant's choosing;

N. Defendant's staffing companies required Plaintiff and the FLSA Collective to complete biweekly invoices, listing the specific days worked and locations, and Defendant's staffing company then forwarded those invoices on to Defendant for Defendant's approval;

5

O. Defendant required Plaintiff and the FLSA Collective to attend an orientation at Defendant's headquarters in Pittsburgh, Pennsylvania upon hire;

P. Defendant required Plaintiff and the FLSA Collective to complete periodic trainings such as how to use Defendant's computer systems;

Q. Defendant required Plaintiff and the FLSA Collective to attend meetings to discuss details and specifications related to safety and the work to be completed at worksites;

R. Defendant required Plaintiff and the FLSA Collective to attend daily safety meetings at Defendant's well sites;

S. Defendant required Plaintiff and the FLSA Collective to stay in Defendant-provided housing at or near well sites;

T. Defendant required Plaintiff and the FLSA Collective to follow Defendant's rules while staying at its housing, such as not smoking, no drinking of alcohol, and no spouses;

U. Defendant required Plaintiff and the FLSA Collective to follow instructions, processes, and policies regarding the method by which their work was to be completed;

V. Plaintiff and the FLSA Collective have no opportunity to create their own opportunities for profit or loss;

W. Plaintiff and the FLSA Collective do not operate their own independent enterprises or maintain business sites separate from Defendant's; and

X. Plaintiff and the FLSA Collective could not hire their own helpers or staff to assist them in their work duties.

27. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours a in workweek without receiving overtime compensation for their overtime hours worked.

28. Additionally, Defendant directed and expected Plaintiff and the FLSA Collective to typically work at least twelve (12) hour days, oftentimes seven (7) days per week, for a total of at least eighty-four (84) hours worked per workweek.

29. During the three year statutory period, Defendant routinely required Plaintiff and the FLSA Collective to be at the job site each day no later than 6:00 a.m. to start working and routinely required them to work until at least 6:00 p.m. An alternative schedule could be the opposite, starting work at around 6:00 p.m. and working until around 6:00 a.m. Plaintiff and the FLSA Collective routinely worked these hours. Defendant also routinely expected them to work seven days per week, and Plaintiff and the FLSA Collective worked those days.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

31. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA Collective class is defined as follows:

> All persons who worked as completions consultants (or other job titles performing similar duties) for Defendant at any time since three years prior to the filing of this Complaint (the "FLSA Collective").

32. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A to the original Complaint.

33. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs. The other members of the FLSA Collective who have joined the case have submitted Consent Forms, which are filed on the Court's docket.

34. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours a workweek without receiving overtime compensation for their overtime hours worked.

35. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, requiring its

7

completions consultants and others similarly situated to work excessive hours and failing to pay them overtime compensation. The law is clear that day rate workers must be paid overtime compensation, and there are no exemptions that apply. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

36. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On behalf of Plaintiff and the FLSA Collective)**

37. Plaintiff and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

38. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

39. Employees paid on a day rate basis are similarly entitled to overtime pay. 29 C.F.R. § 778.112.

40. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours a workweek without overtime compensation.

41. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

42. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective, prays for judgment against Defendant as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendant violated the overtime provisions of the FLSA;

D. A finding that Defendant's violations of the FLSA were willful;

E. Judgment against Defendant in the amount of Plaintiff and the FLSA Collective's unpaid back wages at the applicable rates;

F. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

G. An award of attorneys' fees and costs incurred in prosecuting this action;

H. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: February 27, 2017

**NICHOLS KASTER, PLLP**

*/s/Robert L. Schug*
Michele R. Fisher, MN Bar No. 303069
Paul J. Lukas, MN Bar No. 22084X*
Robert L. Schug, MN Bar No. 0387013*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
Email: fisher@nka.com
Email: lukas@nka.com
Email: schug@nka.com

*Admitted Pro Hac Vice

**ATTORNEYS FOR PLAINTIFF
AND THE FLSA COLLECTIVE**